**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**VANESSA HURLEY,**

**Plaintiff,**

**v.**

**Case No. 2:26-cv-695**
**Chief District Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

**CITY OF CHILLICOTHE, *et al.*,**

**Defendants.**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis*. (Doc. 1). The Court ordered Plaintiff to file a second motion because she did not provide sufficient information in the first. (Doc. 5). But Plaintiff failed to comply. She was warned that failure to provide a clearer picture of her finances may result in a recommendation that she be ordered to pay the filing fee. (*Id.*). The Undersigned makes that recommendation now.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*." *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the

court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

As previously noted, Plaintiff did not completely fill out the application, and the Court could not discern how she supports herself. (*See* Docs. 1, 5). And she has failed to provide more information. *See Lewis v. Comm'r of Soc. Sec.*, No. 1:24-CV-00325, 2024 WL 1377643, at *2 (N.D. Ohio Mar. 11, 2024), *report and recommendation adopted*, No. 1:24-CV-00325, 2024 WL 1377105 (N.D. Ohio Apr. 1, 2024) (recommending denial of application to proceed *in forma pauperis* because by failing to provide supplemental information or otherwise respond to the court's order, "she has not demonstrated that she is unable to pay for the cost of her litigation and still provide for herself"). Therefore, it is not clear to the Undersigned that the one-time payment of the court's filing fee will render Plaintiff unable to provide for herself.

As such, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The Undersigned further **RECOMMENDS** that should this Report and Recommendation be adopted, Plaintiff be ordered to pay the filing fee within fourteen (14) days or else her case should be dismissed for want of prosecution. Plaintiff should also be aware that if she is ordered to pay the filing fee, she will be responsible for effecting service on Defendants.

IT IS SO ORDERED.

Date: August 17, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).